UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARVEY

    Plaintiff,

v.

SANDRA LYNN FIELSTRA; and FRUITPORT
COMMUNITY SCHOOLS; and ROBERT
SZYMONIAK; and ROBERT ROGERS; and
LAUREN CHESNEY; and PROFESSIONAL
EDUCATIONAL SERVICES GROUP, LLC,
a Michigan Limited Liability Company,

    Defendants.

Case No. 1:18-cv-00185

HON. PAUL L. MALONEY

/

| Joseph S. Bush (P55823) | Mark T. Ostrowski (P49761) |
|---|---|
| Bush Law Offices, PLLC | Bogomir Rajsic, III (P79191) |
| Attorney for Plaintiff | Jessica M. Stark (P80647) |
| 318 Houston Avenue, Ste. 105 | Kluczynski, Girtz & Vogelzang |
| Muskegon, Michigan 49441 | Attys for Defs Fruitport CS, Szymoniak, |
| (231) 760-4490 | Rogers, and Chesney |
| joe@bushlawoffices.net | 5005 Cascade Rd., S.E., Suite A |
| | Grand Rapids, MI 49546 |
| | (616) 459-0556 / Fax (616) 459-5829 |

/

## VERIFIED PETITION TO EXTEND TIME FOR SERVICE OF PROCESS AS TO DEFENDANT PROFESSIONAL EDUCATIONAL SERVICES GROUP, LLC AND TO ALLOW FILING OF FIRST AMENDED COMPLAINT

NOW COMES PLAINTIFF, MICHAEL ARVEY, and brings the above-titled petition, verified by counsel and says:

1. Plaintiff's lawsuit was filed on February 20, 2018, a day before the statute of limitations expired on his claims.

2. Plaintiff's counsel attempted service upon Defendant, Professional Educational Services Group, LLC, (PESG) via certified mail, restricted but made an error in service

1

and failed to check the restricted box on the green postal card limiting the signature to the Resident Agent for said Defendant only.

3. Upon information and belief, a representative of PESG, signed for receipt of the certified mailing of the summons and complaint at the corporate office on February 23, 2018, and upon return to Plaintiff's counsel, a proof of service was filed with the Court by Plaintiff's counsel on February 28, 2018.

4. Plaintiff's counsel, errantly assumed service was valid and proceeded with the matter. See ECF No. 5.

5. Plaintiff's counsel then requested a default judgment against Professional Educational Services Group, LLC, from the clerk of the court on March 29, 2018. See ECF No. 14.

6. The clerk of the court entered a default and the proof of service of same on March 30, 2018. See ECF No. 15 & 16.

7. On or about April 5, 2018, PESG mailed Plaintiff's counsel a notice of change of address, which was already the address used by Plaintiff for defectively serving Defendant, verifying that PESG had received the summons and complaint at its corporate office and had added Plaintiff's counsel to their mailing list, as Plaintiff's counsel had no prior contact other than sending the summons and complaint. See **Exhibit A** attached hereto.

8. Plaintiff's counsel filed the Application for Entry of Default Judgment against Professional Educational Services Group, LLC on April 30, 2018. See ECF No. 17.

9. On May 1, 2018, the Court then entered its Order Denying Entry of Default Judgment and Setting Aside Default, wherein it indicated that it correctly deemed

Plaintiff's service upon Defendant, Professional Educational Services Group, LLC, as defective, on May 10, 2018. See ECF Docket No. 18.

10. Plaintiff's counsel, having presumed valid service had deleted the docketing deadlines for service on his calendar and inadvertently miscalculated the expiration of the summons upon receipt of the Court's order, presuming the summons had already expired and was determined to prepare a motion to extend along with a first amended complaint before closing his private practice on June 30, 2018, and transitioning over 600 files, including this matter to new counsel which remains in process.

11. Upon receipt of the Court's Notice of Impending Dismissal, Plaintiff's counsel discovered that his calculations as to the expiration of the summons was not accurate and that the summons had expired on May 21, 2018.

12. On June 12, 2018, Plaintiff's Court Officer obtained late service of the summons and complaint on the Human Resources Director for PESG, who advised that she was authorized to accept service of process and that the current Resident Agent for PESG has not been with PESG for some time since her employment ended and they could not release her address or whereabouts. See ECF No. 25 and **Exhibit B** attached hereto.

13. Plaintiff's counsel served copies of the default and application for entry of default judgment upon PESG at its current address via ordinary mail.

14. Plaintiff's counsel spoke directly with the Human Resource Director of PESG, Fredericka Hayes, on June 14, 2018, who acknowledged that the Resident Agent identified with the State of Michigan, Kristi Fielstra, left PESG in June of 2017.

15. Plaintiff's counsel maintains that there has been a demonstration of good cause for allowing an extension of the summons pursuant to FRCP 4(m) as Plaintiff's counsel, although erring with respect to valid service he was diligent in moving the case forward.

16. Further, Plaintiff's counsel maintains that under the circumstances there is sufficient showing for excusable neglect with regard to the expiration of the summons under FRCP 6(b)(1)(B), as counsel while having erred, was not dilatory in attempting to move the case forward in an expedient manner, Plaintiff's claim against PESG will be barred if dismissed at this point as Plaintiff was an eighteen year old who was emotionally uncertain about pursuing this litigation until making up his mind just prior to his nineteenth birthday when the statute ran, PESG does not have its resident agent available to accept service onsite and it is apparent that PESG had in fact received the summons and complaint that was defectively served and that no prejudice would otherwise come upon PESG by a modest extension of the time to serve the summons and complaint and Plaintiff's First Amended Complaint.

17. Plaintiff now requests that the court allow Plaintiff to file it First Amended Complaint which properly identifies Defendant, Professional Educational Services Group, LLC, and allow an additional 28 days for service against said Defendant. See **Exhibit C** attached hereto.

Wherefore, Plaintiff requests the Court enter an order extending the time to properly serve the summons on Professional Educational Services Group, LLC, so as to cure its defective service, within 28 days from the date of the Order and grant the Motion to Amend Plaintiff's Complaint in the form attached hereto.

I verify that the facts set forth herein are accurate and truthful to the best of my knowledge and if called as a witness I can competently testify to the facts as set forth herein. Further the attached Exhibits are copies of the originals in Plaintiff's possession.

Respectfully submitted,

BUSH LAW OFFICES, PLLC

Dated: June 14, 2018

Joseph S. Bush (P55823)
Attorney for Plaintiff
318 Houston Avenue, Ste. 105
Muskegon, Michigan 49441
(231) 760-4490

Subscribed and sworn to before me this 14th day of June, 2018.

Shannon R. Chester, Notary Public
Muskegon County, Michigan
My Comm. Expires: 9/6/2021
Acting in the County of Muskegon