UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARVEY,

    Plaintiff,

v

SANDRA LYNN FIELSTRA, FRUITPORT COMMUNITY SCHOOLS, ROBERT SZYMONIAK, ROBERT ROGERS, LAUREN CHESNEY, and PROFESSIONAL EDUCATIONAL SERVICES GROUP, LLC, a Michigan limited liability company

    Defendants.

CASE NO.  1:18-CVD-00185

HON. PAUL L. MALONEY

---

| | |
|---|---|
| Kevin B. Even (P38599)<br>Smith Haughey Rice & Roegge<br>keven@shrr.com<br>Attorneys for Plaintiff<br>900 Third St., Ste 204<br>Muskegon, MI 49440<br>231-724-4320 | Mark T. Ostrowski (P49761)<br>Bogomir Rajsic, III (P79191)<br>Jessica M. Start (P80647)<br>Kluczynski, Girtz & Vogelzang<br>Attorneys for Fruitport Community Schools, Robert Szymoniak, Robert Rogers and Lauren Chesney<br>mostrowski@kgvlaw.com;<br>brajsic@kgvlaw.com; jstart@kgvlaw.com<br>5005 Cascade Rd. SE, Ste A<br>Grand Rapids, MI 49546<br>616-459-0556<br><br>Michael D. Weaver (P43985)<br>Plunkett Cooney<br>Attorneys for Professional Educational Services Group, LLC<br>mweaver@plunkettcooney.com<br>38505 Woodward Ave., Ste 100<br>Bloomfield Hills, MI 48034<br>248-901-4025 |

## JOINT STATUS REPORT

    This action was filed by Joseph S. Bush of Bush Law Offices on February 20, 2018.  An Amended Complaint was filed on June 18, 2018.  Since that time Mr. Bush closed his private practice and on or

about August 14, 2018, Kevin B. Even appeared on behalf of Plaintiff. The Court in its Order of August 17, 2018, **ECF No. 41**, granted an order of adjournment of the Rule 16 Conference to allow newly appearing counsel to become familiar with the case. The Court also entered its order setting a scheduling conference pursuant to FED. R. Civ. P. 16, **ECF No. 42.**

A Rule 16 Scheduling Conference is scheduled for September 24, 2018 at 09:30 a.m. before District Judge Paul L. Maloney by telephone. **ECF No. 42.**

Appearing for the parties as counsel will be:

|  |  |
|---|---|
| Representing Plaintiff: | Kevin B. Even (P38599) |
| Counsel for Defendants:<br>Robert Szymoniak, Robert Rogers<br>Lauren Chesney and Fruitport<br>Community Schools | Mark T. Ostrowski (P49761) |
| Counsel for Defendant:<br>Professional Educational<br>Services Group | Michael D. Weaver (P43985) |

1. <u>Jurisdiction</u>: The basis for the Court's jurisdiction is predicated on allegations of federal questions (28 U.S.C. § 1331) pursuant to Title IX, 20 USC § 1681 and 14th Amendment, 42 USC § 1983 and supplemental jurisdiction pursuant to 13 U.S.C. § 1367.

2. <u>Jury or Non—Jury</u>: This case is to be tried before a jury.

3. <u>Judicial Availability</u>: The Defendants do not agree to have a United States Magistrate Judge conduct all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>:

**Plaintiff's Statement:**

Defendant, Sandra Fielstra ("Fielstra"), who worked as an administrative employee in the guidance office at the Fruitport Community Schools ("FCS") sexually harassed and molested Plaintiff. Plaintiff contends that Defendants' agents (who had authority and ability to address the wrongdoing) became aware of the sexual harassment and molestation of the Plaintiff failed to institute corrective

measures and otherwise failed to adequately respond to the wrongdoing, essentially ignored and was deliberately indifferent to the sexual discrimination suffered by Plaintiff. Proofs will show that the Plaintiff suffered injuries including, emotional distress and psychological trauma, medical bills, counseling, and other costs and expenses for past and future medical and psychological care. Plaintiff submits that such damages have resulted from the sexual harassment and molestation by Fielstra which could have been stopped and/or minimized had the other Defendants acted properly.

**Defendants FCS, Syzmoniak, Rogers, and Chesney's Statement:**

The contract employee with whom Plaintiff claims to have had a sexual relationship, Fielstra, was assigned to work as a secretary in the guidance office. She was a short-term contractor, starting in September of 2014 and resigning in May 2015 after being confronted with discrepancies on her time card. Defendants contend there is no basis for the school district or its employees to be held responsible for the alleged inappropriate relationship because they did not have notice. It was not until the police became involved, several months after Fielstra had left her assignment at the school district, that the school district learned of the relationship.

**Defendant PESG's Statement**:

PESG performs a background check on all employees. As it relates to Fielstra. The background check revealed no concerns or criminal history. In addition, all PESG employees are provided with training that includes the fact that contact with any student should be limited to contact directly related to academic pursuits. Of course, the training received by Fielstra confirmed that intimate contact with a student was illegal and strictly prohibited. Further, PESG is not responsible for the unforeseen criminal acts of its employees.

5. <u>Prospects of Settlement</u>: None at this time.

6. <u>Pendent State Claims</u>: This case includes pendent state claims of battery and intentional infliction of severe emotional distress against Fielstra.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4417760.v1

7. <u>Joinder of Parties and Amendment of Pleadings</u>: Plaintiff has already filed a First Amended Complaint. Defendants do not anticipate any need for additional amendments.

8. <u>Disclosures and Exchanges</u>:

(a) FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

- Plaintiff by November 1, 2018;

- Defendants by November 15, 2018.

(b) Plaintiff expects to be able to furnish the names of Plaintiffs' expert witness(es) by December 1, 2018. Defendants expect to be able to furnish the names of Defendant's expert witness(es) by January 1, 2018.

(c) It would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged by February 15, 2019.

(d) The parties have agreed to make available the following documents without the need of a formal request for production:

None.

9. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by April 30, 2019.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>:  Plaintiff seeks discovery of all electronically stored information that is relevant to Plaintiff's case including all memorandum, documents, emails and communications involving Fielstra and Plaintiff and all electronic communications regarding Fielstra and Plaintiff emanating within or outside of the FCS.  The Defendants do not anticipate any significant production of electronically stored information.

11. <u>Assertion of Claims of Privilege or Work—Product Immunity After Production</u>: The parties agree that any inadvertently produced privilege item shall be returned to the party asserting the

-4-

privilege and no such documents shall be used during the litigation unless subsequent agreement or waiver occurs.

   12.   <u>Motions</u>: Defendants anticipate filing a motion for summary judgment at the close of discovery by May 31, 2019.

   13.   <u>Alternative Dispute Resolution</u>:  Defendants suggest that the parties engage in facilitative mediation after the Court has had an opportunity to rule on their anticipated motion for summary judgment.  Plaintiff suggests that if Facilitative Mediation is to take place, that it take place earlier in the process so that to the extent there is any room for settlement such discussions take place before the transactional costs become an impediment.

   14.   <u>Length of Trial</u>: The parties estimate the trial will last approximately five (5) days total, allocated as follows:

   - Three (3) days for Plaintiff.
   - Two (2) days for Defendants.

   15.   <u>Electronic Document Filing System</u>: Counsel for Defendants agree that all electronic filings will comply with Local Civil Rule 5.7(a).

   16.   <u>Other</u>: None.

DATED: September 18, 2018            /s/ Kevin B. Even
                                     Kevin B. Even (P38599)
                                     SMITH HAUGHEY RICE & ROEGGE
                                     Attorneys for Plaintiff
                                     keven@shrr.com
                                     900 Third St., Ste 204
                                     Muskegon, MI 49440
                                     231-724-4320

SHRR\4417760.v1

DATED: September 18, 2018  /s/ Mark T. Ostrowski
Mark T. Ostrowski (P49761)
Kluczynski Girtz & Vogelzang
Attorneys for Fruitport Community Schools, Robert Szymoniak, Robert Rogers and Lauren Chesney
marko@kgvlaw.com
5005 Cascade Rd., SE, Ste A
Grand Rapids, MI 49546
616-559-8649

DATED: September 18, 2018  /s/ Michael D. Weaver
Michael D. Weaver (P43985)
Plunkett Cooney
Attorneys for Professional Educational Services Group, LLC
mweaver@plunkettcooney.com
38505 Woodward Ave., Ste 100
Bloomfield Hills, MI 48034
248-901-4025